# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| FOUNDERS INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 2:13-cv-03035-DCN |
| RICHARD RUTH'S BAR & GRILL LLC, RICHARD RUTH, SR., JANE RUTH, and GEORGE GIANNARIS, *as guardian for* EMMANUEL KEHAGIAS, | ) ) ) ) **ORDER** ) |
| Defendants. | ) ) |

This matter comes before the court on declaratory judgment action (2:13-cv-3035) plaintiff Founders Insurance Company's ("Founders") motion for summary judgment as to bad faith action plaintiff and declaratory judgment action defendant George Giannaras, as guardian for Emmanuel Kehagias's ("Kehagias") counterclaims, ECF No. 164. For the reasons set forth below, the court grants Founders's motion.

## I.  BACKGROUND[1]

This motion involves Founders's declaratory judgment action against Kehagias, Richard Ruth's Bar and Grill LLC ("Richard's Bar"), Richard Ruth ("Mr. Ruth"), and Jane Ruth ("Ms. Ruth") (collectively "the Ruths") seeking a declaration that Founders has no duty to indemnify the Ruths for claims asserted by Kehagias for a judgment in the underlying personal injury action in state court. ECF No. 113, Am. Compl. Kehagias filed an answer and renewed counterclaims on April 22, 2015, asserting two

---

[1] The court will dispense with a lengthy recitation of the underlying facts and direct the parties to its previous orders.

1

counterclaims against Founders for negligent misrepresentation of the applicable policy limits and negligence/gross negligence pertaining to Founders's alleged failure to pay the medical payment limits ("Med-Pay").  ECF No. 116.

Founders filed the present motion for summary judgment on October 14, 2015.  ECF No. 164.  Kehagias filed a response on November 12, 2015.  The motion has been fully briefed and is now ripe for the court's review.

## II.  STANDARD

Summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Id. at 248.  "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Id. at 249.  When the party moving for summary judgment does not bear the ultimate burden of persuasion at trial, it may discharge its burden by

2

demonstrating to the court that there is an absence of evidence to support the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The non-movant must then "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. The court should view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor. Anderson, 477 U.S. at 255.

## III. DISCUSSION

Founders argues that Kehagias's negligent misrepresentation counterclaim fails because he cannot establish detrimental reliance or damages regarding Founders's misrepresentations. ECF No. 164, at 11. Founders further argues that the negligence/gross negligence counterclaim also fails because Kehagias cannot establish that Founders breached any duty or that he was damaged as a result of the alleged breach. Id. at 12–14.

### A. Negligent Misrepresentation

In his negligent misrepresentation claim, Kehagias alleges that Founders and its agent misrepresented the applicable policy limits on September 3, 2013 in its counter-offer because it stated that the maximum coverage was $50,000.

South Carolina law prohibits an insurer from knowingly misrepresenting to third-party claimants "pertinent facts or policy provisions relating to coverages at issue or providing deceptive or misleading information with respect to coverages." S.C. Code Ann. § 38-59-20 (1976). Under South Carolina law, in order to maintain an action for negligent misrepresentation for a pecuniary loss, Kehagias must establish the following six elements: (1) that Founders made a false representation to the plaintiff; (2) that

3

Founders had a pecuniary interest in making the statement; (3) that Founders owed a duty of care to see that it communicated truthful information to the plaintiff; (4) that Founders breached that duty by failing to exercise due care; (5) that Kehagias justifiably relied on the representation; and (6) that Kehagias suffered a pecuniary loss as a proximate result of his reliance upon the representation. Spires v. Acceleration Nat. Ins. Co., 417 F. Supp. 2d 750, 754 (D.S.C. 2006) (citing AMA Mgmt. Corp. v. Strasburger, 420 S.E.2d 868 (S.C. 1992)).

Founders first argues that Kehagias cannot recover under its negligent misrepresentation counterclaim as a matter of law because Founders provided a full copy of their insurance policy. ECF No. 164, 11. Founders further argues that Kehagias cannot establish detrimental reliance because: (1) he did not accept the $50,000 offer; (2) Giannaras testified that he would not have accepted an offer of $105,000, Giannaras Dep. 107:5–9; 111:7–9; and (3) Giannaras has not been damaged as a result of the alleged misrepresentation.

There is no evidence that Kehagias detrimentally relied on the representation of the policy limits during settlement negotiations. First and foremost, Kehagias did not accept the $50,000.00 offer. Further, Giannaras's deposition testimony is instructive as to whether he relied on Founders's representations.

> **Question**: I want to know what is meant in that paragraph [Compl. ¶ 58] where it says defendant, meaning you, sought the advice and recommendation of plaintiff, meaning Founders, about the coverage limits available in this matter.
>
> **Answer**: I didn't. . .

> **Question**: Had you been offered the $105,000 that was offered in later October – had you been offered that initially, would you have accepted it to settle Manny's case?
>
> **Answer**: No.
>
> **Question**: Is there an amount that Founders could have offered you in response to your initial demand for policy limits that you would have accepted?
>
> **Answer**: This one.
>
> **Question**: The $5,000,000?
>
> **Answer**: Yes.
>
> **Question**: So short of them offering you the $5,000,000 by September 9th at 5:00 p.m., you would not have settled?
>
> **Answer**: Yes.

Giannaras Dep. 104:4–9; 109:5–18. Further, there is no indication that Kehagias suffered damages as result of Founders's misrepresentation. Giannaras testified that there were no changes made in Kehagias's treatment, that he did not stop any particular type of care or treatment, and that he did not reduce his care in response to receiving the counter-offer. Giannaras Dep. 110:2–23. Kehagias stayed in the same treatment facility. Id. at 110:25–111. Giannaras also testified that if Founders had originally offered $105,000, he would not have changed Kehagias's care in any way. Id. at 11:7–12.

Kehagias makes very little, if any, response in opposition to Founders's motion for summary judgment, evidenced by the four-page brief. ECF No. 186. Kehagias states that "[i]f Founders had simply tendered the maximum available coverage at that point rather than making a 'counteroffer' as they now admit, we would not be here." Id. at 3. However, there is absolutely no evidence to support that statement.

5

The court is not aware of any case in which a party detrimentally relied on an insurer's representations of policy limits, but never actually settled. In <u>Gaskins v. S. Farm Bureau Cas. Ins. Co.</u>, 581 S.E.2d 169, 170 (S.C. 2003), the plaintiff sued the insurer for fraudulently inducing them to sign a claim's release after an agent misrepresented the available coverage. After a 12(b)(6) dismissal in the trial court, the Supreme Court reversed, recognizing a tort against an insurance company for fraudulently obtaining a release. <u>Id.</u> at 170–71. However, in this case, Founders did not receive a release, and Kehagias did not accept the counter-offer. Thus, <u>Gaskins</u> is easily distinguishable. There is no evidence that Kehagias detrimentally relied on Founder's misrepresentation of the policy limits.

Therefore, the court grants Founders's motion for summary judgment as to Kehagias's negligent misrepresentation counterclaim.

### B. Gross Negligence

Kehagias alleges that Founders was grossly negligent in failing to provide Med-Pay coverage despite its June 7, 2013, August 9, 2013, and August 27, 2013 requests. Founders argues that it is not required to provide Med-Pay coverage because the Ruths breached their obligation to provide notice under the policy and because Kehagias did not submit evidence of his medical expenses within one year of the date of injury. ECF No. 164, at 14–16.

To prevail in an action founded in negligence, Kehagias must establish three essential elements: (1) a duty of care owed by the Founders to the Kehagias; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately caused by a breach of duty. <u>Vinson v. Hartley</u>, 477 S.E.2d 715, 720 (S.C. Ct. App. 1996). Gross

negligence is "the failure to exercise slight care."  Steinke v. S.C. Dept of Labor, Licensing & Regulation, 520 S.E.2d 142, 153 (S.C. 1999).  The South Carolina Supreme Court has also defined gross negligence as "the intentional, conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do."  Id.  Gross negligence "is a relative term, and means the absence of care that is necessary under the circumstances."  Id. (quoting Hollins v. Richland Ct.y School Dist. One, 427 S.E.2d 654, 656 (S.C. 1993).

Kehagias made three separate requests for Med-Pay coverage on June 7, 2013, August, 9, 2013, and August 27, 2013, although it is unclear whether these requests were accompanied by evidence of Kehagias's medical expenses.  Giannaras testified that Founders "has procrastinated on the Med-Pay claim in order to induce a lower settlement of [Kehagias's] other claims in the underlying suit," has held the Med-Pay "hostage to induce [Kehagias] to settle the underlying claim," and that such measures "represent[] a failure on the part of [Founders] in its duty wherein [Founders] has acted deliberately and intentionally to wear down [Kehagias] and induce [Kehagias] to settle the underlying claim for less than to what he is entitled."  Giannaras Dep. 118.

Founders contends that it withheld payment on the Med-Pay coverage because Kehagias failed to attach medical records as required under the Policy.  Founders further contends that it was not obligated to provide Med-Pay coverage due to the late notice.  Coverage C under the GL form of the Policy contains Med-Pay coverage of $5,000.00, provided that "expenses are incurred and reported to us within one year of the date of the accident."  Ex. 56.  Kehagias contends that he reported his medical expenses to Founders because the offer of compromise was accompanied by medical bills far exceeding

$5,000.00. ECF No. 180, at 10. However, there is absolutely no evidence on the record that medical bills or records were actually attached to the Offer. Therefore, as stated in the court's order on the motions for summary judgment in the declaratory judgment action, Founders was not required to provide Med-Pay coverage.

Therefore, the court grants Founders's motion for summary judgment as it pertains to Kehagias's gross negligence counterclaim.

## IV. CONCLUSION

For the reasons set forth above, the court **GRANTS** Founders's motion for summary judgment and dismisses Kehagias's counterclaims for misrepresentation and gross negligence.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 8, 2016**
**Charleston, South Carolina**