IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| FOUNDERS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No. 2:13-cv-03035-DCN |
| RICHARD RUTH'S BAR & GRILL LLC, | ) | |
| RICHARD RUTH, SR., JANE RUTH, | ) | |
| and GEORGE GIANNARAS, *as guardian* | ) | |
| *for* EMMANUEL KEHAGIAS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| RICHARD RUTH'S BAR & GRILL LLC, | ) | |
| RICHARD RUTH, SR., and JANE RUTH, | ) | |
| and GEORGE GIANNARAS, as guardian | ) | No. 2:14-cv-03272-DCN |
| for EMMANUEL KEHAGIAS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| FOUNDERS INSURANCE COMPANY, | ) | |
| BROWN & BROWN, INC., HULL & | ) | |
| COMPANY, INC., and UTICA MUTUAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on various motions filed by declaratory judgment action (2:13-cv-03035-DCN) defendant and bad faith action (2:14-cv-03272-DCN) plaintiff George Giannaras, as Guardian for Emmanuel Kehagias ("Kehagias"), pursuant to Federal Rule of Civil Procedure 59(e). Specifically, Kehagias filed the following three motions: (1) a motion to alter and/or amend the court's order denying Kehagias's motion for summary judgment and granting

1

Founders Insurance Company's ("Founders") motion for summary judgment, ECF No. 221, thereby holding that Founders is not required to provide coverage under the policy; (2) a motion to alter or amend the court's order granting Brown & Brown, Inc.'s ("Brown") motion for summary judgment and granting Hull & Company, Inc.'s ("Hull") motion for summary judgment, ECF No. 222; and (3) a motion to alter or amend the court's order granting Founders's motion for summary judgment in the bad faith action, ECF No. 224.  The court will address each motion in this consolidated order in turn.

## I.  BACKGROUND

The facts underlying this dispute have been briefed and discussed by this court ad nauseam.  In sum, the parties filed five separate motions for summary judgment and created a record well over 1,000 pages.  Kehagias briefed the underlying issues numerous times, submitting nineteen exhibits with its motion for summary judgment and seventeen exhibits with its opposition to Founders's motion for summary judgment.  The court heard oral arguments on the motions during the course of over two hours on December 14, 2015.  Thereafter, the court issued five separate orders, totaling almost 100 pages.  Needless to say, the parties and the court have thoughtfully considered these issues.

## II.  STANDARD

The Fourth Circuit has recognized three grounds for amending an earlier judgment under Federal Rule of Civil Procedure 59(e):  (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.  Pac. Ins.

Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) (internal quotation marks omitted). Further, "mere disagreement [with a district court's ruling] does not support a Rule 59(e) motion." Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993). "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co., 148 F.3d at 403 (citation and internal quotation marks omitted). A motion for reconsideration "is not a license for a losing party's attorney to get a second bite at the apple." Bey v. Shapiro Brown & Alt, LLP, 997 F. Supp. 2d 310, 321 (D. Md. 2014) (citing Shields v. Shetler, 120 F.R.D. 123, 125–26 (D. Colo. 1988)).

### III. DISCUSSION

In all three motions to alter or amend, Kehagias argues that the court must reconsider its prior orders to correct a clear error of law or prevent manifest injustice. However, Kehagias's motions each attempt to relitigate the issues.

**A. Motion to Alter or Amend the Court's Ruling in ECF No. 221**

On June 8, 2016, the court entered an order granting Founders's motion for summary judgment, ECF No. 159, and denying Kehagias's motion for partial summary judgment, ECF No. 155. In doing so, the court held that, under the unambiguous notice provisions of the general liability and liquor liability policies issued by Founders to Richard Ruth's Bar & Grill, LLC, Richard Ruth, Sr. ("Mr. Ruth"), and Jane Ruth ("Ms. Ruth") (collectively "the Ruths"), the Ruths failed to

3

provide proper notice of Kehagias's underlying personal injury lawsuit.  The court further held that the Ruths' failure to provide notice as required under the policy caused Founders substantial prejudice.  Therefore, the court held that the Ruths' conduct obviated Founders's contractual duty to provide coverage.

In his motion, Kehagias makes the following arguments:  (1) Founders waived the notice requirements in the Policy; (2) Cherie Dumez ("Dumez") is Founders's agent for purposes of notice; (3) Founders failed to establish prejudice as a matter of law; and (4) the court's order creates a manifest injustice by holding that Founders suffered substantial prejudice because the court failed to consider evidence.  First and foremost, Kehagias's motion is a thinly disguised attempt to relitigate the issues previously and extensively briefed, argued, and addressed and decided by the court. Kehagias does not provide new evidence or controlling law but simply argues that the court got it wrong.  Nevertheless, the court will address Kehagias's arguments.

1. **Waiver**

Kehagias first argues that Founders waived the notice provisions of the Policy because Ms. Ruth forwarded previous claims to Ms. Dumez, who would thereafter forward the claim to Hull, who would, in turn, forward the claim to Founders. Kehagias contends that he set forth his waiver and estoppel arguments in his response to Founders's motion, ECF No. 179, and during the December 14, 2015 hearing. Notably, the words "waiver" and "estoppel" cannot be found in Kehagias's response. ECF No. 179.  Similarly, the words "waiver" and "estoppel" were never uttered by Kehagias's counsel during the December 14, 2015 hearing.  Although Kehagias did outline the "course of conduct" among the parties in handling prior claims, Kehagias

did not argue that Founders waived the notice provisions of the Policy nor did he present any case law to support such an argument. Rather, the course of conduct argument was presented to the court regarding the assumption of a duty under the Second Restatement of Torts. See ECF No. 222 at 6–8.

The court cannot be expected to read Kehagias's mind by anticipating and addressing all conceivable arguments potentially implicated in a record well over 1,000 pages but not presented to the court. Kehagias's waiver and estoppel arguments ignore the "well-established principle that arguments raised for the first time in a motion for reconsideration are generally deemed waived." United States v. Foreman, 369 F.3d 776, 797 (4th Cir. 2004); see, e.g., Holland v. Big River Minerals Corp., 181 F.3d 597, 605 (4th Cir. 1999) (stating that an issue first presented in a motion pursuant to Fed. R. Civ. P. 59(e) "is not preserved for appellate review unless the district court exercises its discretion to excuse the party's lack of timeliness and consider[s] the issue"); Mungo v. Taylor, 355 F.3d 969, 978 (7th Cir. 2004) ("Arguments raised for the first time in connection with a motion for reconsideration, however, are generally deemed to be waived.") (citation omitted); DiMarco–Zappa v. Cabanillas, 238 F.3d 25, 33 (1st Cir. 2001) ("To the extent that appellants' reconsideration motion sought to raise an argument waived at the trial stage, it must necessarily fail."); Pittston Co. Ultramar Am. Ltd. v. Allianz Ins. Co., 124 F.3d 508 n.12 (3d Cir. 1997) (declining to consider on appeal issue raised for the first time in a post-judgment motion); CMM Cable Rep, Inc. v. Ocean Coast Props., Inc., 97 F.3d 1504, 1526 (1st Cir. 1996) (stating that "there is absolutely no merit" to the argument "that we should find [a party's] arguments preserved because they were advanced in

5

its motion for reconsideration"); Manor Healthcare Corp. v. Guzzo, 894 F.2d 919, 922 n.4 (7th Cir. 1990) ("Raising an issue in a motion for reconsideration does not save the issue for appeal.") (citations omitted); Am. Meat Inst. v. Pridgeon, 724 F.2d 45, 47 (6th Cir. 1984) (holding issue raised for first time in motion for reconsideration constituted waiver). As the Seventh Circuit has recognized, "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the [original] motion." Publishers Res., Inc. v. Walker–Davis Publ'ns, Inc., 762 F.2d 557, 561 (7th Cir. 1985) (internal quotation marks and citation omitted). "[M]otions to reconsider are not appropriate vehicles to advance . . . new legal theories not argued before the ruling." Zurich Capital Markets, Inc. v. Coglianese, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005).

Consequently, "'a party who fails to present his strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider.'" United States v. Duke Energy Corp., 218 F.R.D. 468, 474 (M.D.N.C. 2003) (quoting Fidelity State Bank, Garden City, Kan. v. Oles, 130 B.R. 578 (D. Kan. 1991)). "The court is not required to supply the rationale that the parties were unable to find." Id.; see also Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) ("court will not construct arguments or theories for the [litigants] in the absence of any discussion of those issues"). Ironically, Kehagias has waived this waiver argument by failing to properly present it to the court in the course of briefing and arguing five summary judgment motions over two years of litigation.

### 2. Agency

Kehagias next argues that Dumez is Founders's agent and that the court "overlooked key evidence in holding that Mrs. Ruth never gave notice of the suit to Dumez, thus creating manifest injustice." ECF No. 227, at 9. Kehagias's argument that Dumez was acting as Founders's apparent or implied agent fails because it was never raised before the court in the extensive briefing on these issues. As stated above, a Rule 59(e) motion is not the proper vehicle by which a part my present new arguments to the court. See Foreman, 369 F.3d at 797.

Further, in arguing that Ms. Ruth gave Dumez notice of the underlying personal injury suit, Kehagias cites excerpts of Dumez and Ms. Ruths' depositions not included in the extensive briefing. Founders did in fact attach Dumez's deposition to a previous motion that was later withdrawn in light of the parties' updated motions. See ECF No. 50, Ex. 6. However, Dumez's deposition was not attached to Kehagias's filings, and although Founders attached certain portions of Dumez's deposition to its filings, Kehagias's motion now relies on excerpts from the depositions not presented to the court in the operative summary judgment briefs. Rule 56(c) of the Federal Rules of Civil Procedure provides that

> [a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to <u>particular</u> parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1) (emphasis added). The court "need consider only the cited materials." Fed. R. Civ. P. 56(c)(3). The court is not required to search through the

entire record to determine whether a genuine issue of material fact exists. See Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986) ("[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." (internal quotation marks and citation omitted)); United States v. 5443 Suffield Terrace, Skokie, Ill., 607 F.3d 504, 510 (7th Cir. 2010) ("[S]aying so doesn't make it so; summary judgment may only be defeated by pointing to admissible evidence in the summary judgment record that creates a genuine issue of material fact, and it was not the district court's job to sift through the record and make [the party's] case for him."); Holland v. Sam's Club, 487 F.3d 641, 644 (8th Cir. 2007) ("[T]he district court is not obligated to wade through and search the entire record for some specific facts which might support the nonmoving party's claim, rather the nonmoving party must designate the specific genuine issues of material fact that preclude summary judgment." (internal quotation marks and citation omitted)); Chicago Title Ins. Corp. v. Magnuson, 487 F.3d 985, 995 (6th Cir. 2007) ("A district court is not required to search the entire record to establish that it is bereft of a genuine issue of material fact." (internal quotation marks and citation omitted)); Amnesty Am. v. Town of West Hartford, 288 F.3d 467, 470 (2d Cir. 2002) (Rule 56 "does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute."); Ragas v. Tenn. Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." (internal quotation marks and citation omitted)); cf. United States v. Dunkel. 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs,

hunting for truffles buried in briefs."). Kehagias cannot now, in a motion to alter or amend, point to exhibits attached to Founders's withdrawn filings to create a genuine issue of material fact. Kehagias had more than ample opportunity to bring any relevant portions of Dumez's deposition to the court's attention. His failure to do so does not warrant reconsideration of the court's ruling.

Further, Kehagias's plea to the court to reconsider its decision to disregard Ms. Ruth's sworn affidavit fails. The court applied well-established precedent in concluding that "an affidavit contradicting prior testimony cannot be used to create an issue of fact precluding summary judgment." ECF No. 221, at 15–16 (citing Barwick v. Celotex Corp., 736 F.2d 946 (4th Cir. 1984); Alba v. Merrill Lynch & Co., 198 F. App'x 288, 300 (4th Cir. 2006); Ins. Prods. Mktg., Inc. v. Conseco Life Ins. Co., 2012 WL 3308368, at *7 (D.S.C. Aug. 13, 2012)). The court's decision was neither a clear error of law nor did it create manifest injustice.

### 3. Prejudice

Kehagias next argues that the court's ruling that Founders established substantial prejudice as a matter of law "was based on errors of law, namely misplaced reliance on St. Paul Mercury Ins. Co. v. American Bank Holdings, Inc., 2016 WL 1459517 (4th Cir. April 14, 2016), and an incorrect application of first-party bad faith jurisprudence." ECF No. 227, at 19. Kehagias further argues that the court's holding is inconsistent with its other ruling in ECF No. 222. Lastly, Kehagias argues that the court overlooked "several key facts," subjecting him to manifest injustice. Id. at 20.

First, Kehagias misunderstands the court's ruling. In analyzing applicable case law regarding prejudice, the court did not equate Kehagias's actions to the insured in Hatchett v. Nationwide Mutual Ins. Co., 137 S.E.2d 608 (S.C. 1964), but rather those of the Ruths as the insureds under the Policy. As the Ruths' assignee, Kehagias stands in their shoes and has no greater rights to its claims than the Ruths themselves. See, e.g., Moore v. Weinberg, 644 S.E.2d 740, 745 (S.C. Ct. App. 2007) ("An assignee stands in the shoes of its assignor."); Twelfth RMA Partners, L.P. v. Nat'l Safe Corp., 518 S.E.2d 44, 46 (S.C. Ct. App. 1999) ("[T]he assignee should have all the same rights and privileges . . . as the assignor."). Thus, the court properly applied the Ruths' rights to Kehagias. Further, the court notes that, as is often necessary when there is little case law directly on point, it relied on Hatchett not as an absolute corollary to the underlying facts as this case but as persuasive authority relating to the issue of prejudice resulting from lack of notice. The court did not rely solely on Hatchett in analyzing these issues; thus, the court's resulting rulings would not change absent its reliance, albeit nominal, on Hatchett.

Kehagias next argues that the court improperly relied on St. Paul, 819 F.3d 728. It is apparently necessary for the court to reiterate its prior statements regarding the standard applied in St. Paul and the standard in this case: "The court applies the Fourth Circuit's discussion in St. Paul not as a direct corollary, but as reasoning from which the court can discern the holding's applicability to the facts of this case and the law of South Carolina as persuasive authority." ECF No. 221, at 27, n.18 (emphasis added). The court found St. Paul instructive, not precedential. To the extent

Kehagias disagrees with the court's reliance and discussion, such arguments are not appropriate for a Rule 59(e) motion.

Kehagias subsequently argues that the court's holding that Founders suffered substantial prejudice as a matter of law was inconsistent with other rulings throughout its orders, namely whether the substantial prejudice was a result of the late notice. ECF No. 227, at 25–26. The court directs the parties to its discussion of whether Hull's alleged negligent handling of the initial letter of representation could be imputed to Founders. It is undisputed that the Ruths breached the unambiguous notice provisions of the Policy, and the court finds that such breach resulted in substantial prejudice to Founders. This holding does not bar potential recovery in a negligence claim—viable only if a jury were to determine that Hull was Founders's agent for purposes of notice—based solely on Hull's alleged negligent handling of the initial letter of representation. These conclusions are mutually exclusive and not inconsistent.

Lastly, Kehagias argues that the court ignored key evidence, citing portions of Alberta Squalls' testimony. ECF No. 227, at 27. Kehagias does recognize that the court cited portions of Alberta Squalls' testimony but argues that it improperly failed to cite other portions, resulting in manifest injustice. Again, the record in this case exceeded 1,000 pages, and it would be inefficient and impossible for the court to cite every potentially relevant piece of information in making its rulings. Obviously, the court extensively reviewed the entire record in this case, including the entirety of Alberta Squalls' deposition testimony. Kehagias again makes this argument in attempt to relitigate issues already decided by the court. The portions of Alberta

11

Squalls' testimony on which Kehagias now relies were considered by the court in the first instance, and having reconsidered the same, the court declines the invitation to depart from its prior decision.

**B. Motion to Alter or Amend the Court's Ruling in ECF No. 222**

Kehagias moves the court to reconsider its ruling that, should a jury find that Hull was indeed acting as Founders's agent and negligently processed the original letter of representation, such damages flowing therefrom are limited the $105,000.00. Although Kehagias now cites Hurst v. Sandy, 494 S.E.2d 847 (S.C. Ct. App. 1997), in support of its arguments that Hull can be liable for more than physical damage, the court finds Hurst distinguishable. The plaintiffs in Hurst sustained physical damage to their property beyond purely economic damages. In response to the motion, the court directs Kehagias to its discussion of these same arguments on pages six through ten and particularly the court's citation to controlling case law decided more recently than Hurst. See, e.g., Johnson v. Robert E. Lee Acad., Inc., 737 S.E.2d 512, 514 (S.C. Ct. App. 2012) (refusing to apply the doctrine to recognize a duty of care between an accounting firm and a bookkeeper and office manager for the firm's negligence in analyzing financial records); Hendricks v. Clemson Univ., 578 S.E.2d 711, 714 (S.C. 2003) ("The line of cases Miller discusses have thus far been limited to situations in which a party has voluntarily undertaken to prevent physical harm, not economic injury."). Therefore, the court declines Kehagias's request to reconsider its ruling.

Kehagias next argues that the court improperly held that, should Hull's negligence in handling the initial letter of representation be imputed to Founders, the

recoverable damages are limited to the Policy limits of $105,000.00. Again, as outlined by the court, the duty of good faith arising under an insurance contract does not extend to a person who is not a party to an insurance contract. Therefore, a bad faith claim cannot be brought against an intermediary. See ECF No. 222, at 12–13. Further, as outlined by the court, the handling of the initial letter of representation did not provide the basis for Kehagias's bad faith claim. Counsel even conceded this point during the December 14, 2015 hearing.[1] Thus, to the extent Hull's negligence may be imputed to Founders, Kehagias would only be entitled to recover the Policy limits and not those damages which would otherwise flow from recovery in a bad faith action.

Therefore, the court denies Kehagias's motion to alter or amend ECF No. 222.

### C. Motion to Alter or Amend the Court's Ruling in ECF No. 224

Lastly, Kehagias moves to alter or amend the court's ruling granting Founders's motion for summary judgment in part in the bad faith action. ECF No. 224. The court finds this motion to be yet another attempt to relitigate arguments that Kehagias previously made, or could have made, in the summary judgment briefings. As recognized by Founders in the briefing, if district courts were required to reconsider arguments that were made, or could have been made, during summary judgment briefing, "there would be no incentive for a party to respond to a motion for summary judgment, because if he lost, he would always have a second bite at the

---

[1] To the extent Kehagias now argues that his counsel did not make such a concession, the court finds such representation incongruous with the record. At the beginning of the December 14, 2015 hearing, Kehagias's counsel stated that one attorney would be handling the coverage issues while the other would handle the bad faith issues. The aforementioned concession was offered during the bad faith portion of Kehagias's arguments.

apple through a Rule 59(e) motion." Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 411, n.9 (4th Cir. 2010); see also Bey v. Shapiro Brown & Alt, LLP, 997 F. Supp. 2d 310, 321 (D. Md. 2014) (noting that a motion for reconsideration "is not a license for a losing party's attorney to get a second bite at the apple." (citing Shields v. Shetler, 120 F.R.D. 123, 125–26 (D. Colo. 1988))). Because such arguments are procedurally improper, the court declines to specifically address them, but only refers the parties to its previous rulings on the issues. Kehagias does not cite new evidence or an intervening change in the law, but rather argues that reconsideration is necessary to "correct a clear error of law" or to "prevent manifest injustice." As stated above, Rule 59(e) provides an extraordinary remedy that should be used sparingly. The court does not find that it committed a clear error of law, or that its rulings created manifest injustice to warrant such relief.

Therefore, Kehagias's motion to alter or amend the court's rulings in ECF No. 224 is denied.

## IV. CONCLUSON

For the reasons set forth above, the court **DENIES** Kehagias's motions to alter or amend the judgments.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**February 1, 2017
Charleston, South Carolina**