# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| FOUNDERS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No. 2:13-cv-03035-DCN |
| RICHARD RUTH'S BAR & GRILL LLC, | ) | |
| RICHARD RUTH, SR., JANE RUTH, | ) | |
| and GEORGE GIANNARAS, as guardian | ) | |
| for EMMANUEL KEHAGIAS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| RICHARD RUTH'S BAR & GRILL LLC, | ) | |
| RICHARD RUTH, SR., and JANE RUTH, | ) | |
| and GEORGE GIANNARAS, as guardian | ) | No. 2:14-cv-03272-DCN |
| for EMMANUEL KEHAGIAS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| FOUNDERS INSURANCE COMPANY, | ) | |
| BROWN & BROWN, INC., HULL & | ) | |
| COMPANY, INC., and UTICA MUTUAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The following matter is before the court on plaintiff George Giannaras, as guardian for Emmanuel Kehagias's ("Kehagias"), motion to alter or amend the court's order, ECF No. 265 in 13-cv-03035 and ECF No. 199 in 14-cv-03272.[1] For the reasons set forth below, the court denies the motion.

---

[1] For ease of discussion, the court cites to the docket numbers in 14-cv-03272.

1

# I. BACKGROUND

The facts of this case have been recited several times by the court and can be found in the court's August 6, 2019 order. The particular facts relevant to the current matter before the court are as follows. After summary judgment rulings by this court and an appeal to the Fourth Circuit, the remaining issue for trial was whether defendant Hull & Company, Inc.'s ("Hull") allegedly negligent failure to forward the initial notice of representation ("NOR") to defendant Founders Insurance Company ("Founders") could be imputed through agency principles to Founders, such that Founders could be liable for negligence. Hull is an insurance wholesaler who sold the Founders insurance policy at issue in this case. The court instructed the parties to submit supplemental briefing on this issue, which both parties did on April 15, 2019. ECF Nos. 184–185.

The court then issued an order on August 6, 2019 finding that Kehagais's negligence claim was unsupported by South Carolina law. The court considered whether Founders, as the defendant in the negligence claim, owed any duty that could have been breached by Hull's failure to forward the NOR. The court ultimately found that no such duty existed. In considering whether the allegedly negligent acts of Hull, as the purported agent of Founders, could be imputed to Founders, the court thoroughly analyzed Charleston Dry Cleaners & Laundry, Inc. v. Zurich Am. Ins. Co., 586 S.E.2d 586 (S.C. 2003). Charleston Dry Cleaners held that "in a bad faith action against the insurer, the acts of the adjuster or adjusting company (agent) may be imputed to the insurer (principal)." 586 S.E.2d at 589. After analyzing this case, the court concluded that Charleston Dry Cleaners only applied to bad faith claims, and that South Carolina law does not permit an insured party to bring a negligence claim against an insurance

company for the allegedly negligent acts of the insurance company's agent, particularly for the act of failing to forward the NOR. In other words, Founders could not be liable for Hull's allegedly negligent failure to process the NOR. The court explained that

> South Carolina law does not enable an insured to sue her insurance agent or intermediary wholesale broker in a negligence action for the failure of those intermediary parties to pass along the legal papers from an underlying lawsuit. The additional fact that insurance companies do not themselves have any duty to ensure that they are sent the necessary legal papers creates a "gap" of liability that culminates in insured parties being deprived of a defense and coverage merely because they presume that their insurance agent or intermediary broker has passed along the requisite information. While the court encourages South Carolina courts to consider whether insurance agents and intermediary insurance brokers should owe a common law duty to insured parties if they undertake to be a middleman for communication between the insured and the insurance company, the court here is unwilling to create new legal duties that do not already exist in South Carolina.

ECF No. 197 at 21–22. As such, the court dismissed the remaining claim. Kehagias filed a motion to alter or amend the court's order on September 3, 2019. ECF No. 199. Hull and Founders both responded on September 17, 2019. ECF Nos. 201–202. The court held a hearing on the motion on October 24, 2019. The motion is now ripe for review.

## II. STANDARD

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment. Though the rule does not provide a standard under which a district court may grant such motions, the Fourth Circuit has recognized "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citations omitted). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." Id. (citation omitted); Wright v. Conley, 2013 WL 314749, at

*1 (D.S.C. Jan. 28, 2013). Importantly, Rule 59(e) "motions may not be used to raise arguments which could have been raised prior to the issuance of the judgment or to argue a case under a novel legal theory that the party had the ability to address in the first instance." Holland v. Big River Minerals Corp., 181 F.3d 597, 605 (4th Cir. 1999) (quotations omitted); Pac. Ins. Co., 148 F.3d at 403; City of Charleston, S.C. v. Hotels.com, LP, 586 F. Supp. 2d 538, 541 (D.S.C. 2008).

### III. DISCUSSION

Kehagias argues that the court should amend its order and permit his remaining negligence claim to proceed to trial because the court improperly drew a distinction between a negligence cause of action and a bad faith cause of action under South Carolina law. In his motion, Kehagias did not clarify under which ground of Rule 59 he seeks relief, but at the hearing on the motion, counsel for Kehagias argued that relief under Rule 59(e) is warranted to correct a clear error of law or prevent manifest injustice and based a potential intervening "interpretation" of the law. Kehagias also asks that, in the alternative, the court certify two questions to the Supreme Court of South Carolina. The court finds that relief is not warranted under either ground of Rule 59 and denies Kehagias's request to certify.

**A. Intervening "Interpretation" of the Law**

The court first addresses Kehagias's argument regarding Rule 59 relief based on an intervening "interpretation" of the law, as it can be quickly disposed of. Kehagais did not present this argument in his motion and raised it for the first time at the hearing, arguing that there was change in the interpretation in the law in one of Judge Richard M. Gergel's cases, which counsel for Kehagias identifies as "Trotter." Kehagias argues that

while the law did not change, Judge Gergel's order did change the interpretation of the existing law.

This argument fails because there was no intervening change in the time period relevant here.  The court first clarifies that Judge Gergel's case was <u>Walker v. Lyndon S. Ins. Co., Inc.</u>, 2019 WL 1110797 (D.S.C. Mar. 11, 2019), and the case interpreted <u>Trotter v. State Farm Mut. Auto. Ins. Co.</u>, 377 S.E.2d 343, 347 (S.C. Ct. App. 1988).  Rule 59's "intervening change in controlling law" ground exists for instances in which a court issues an order and then the law changes such that revision of the order is warranted. <u>Walker</u> is dated March 11, 2019, and the court filed its order on August 6, 2019.  As such, <u>Walker</u> was not an intervening change in the law because <u>Walker</u> was issued before, and not after, the court's order.  Indeed, not only did <u>Walker</u> exist before the court's order, but the court actually discusses <u>Walker</u> in its order.  Therefore, there is no intervening change or "interpretation" of the law that warrants relief under Rule 59.

Moreover, "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance," <u>Pac. Ins. Co.</u>, 148 F.3d at 403.  That is what Kehagias seeks to do here with his argument about <u>Walker</u>.  Again, Judge Gergel's order is dated March 11, 2019.  The parties' supplemental briefing on whether Hull's allegedly negligent acts can be imputed on Founders was filed on April 15, 2019.  As such, <u>Walker</u> existed for over a month before the deadline for the parties' supplemental briefing, and Kehagias had the opportunity to address the case in his supplemental briefing.  Kehagais failed to do so,

and he cannot use a Rule 59 motion to now address the argument. Therefore, the court denies Kehagias's request for relief pursuant to this ground.

### B. Distinction between Negligence and Bad Faith

Next, Kehagias contends that under South Carolina law, the terms "negligence" and "bad faith" are interchangeable, and that the court improperly distinguished the two by finding that Charleston Dry Cleaners does not apply to this case. Kehagias explains that "bad faith" is simply "a shorthand way to describe an insurer's breach of duty of 'good faith and fair dealing,'" meaning that "bad faith" is not a separate cause of action but instead a type of negligence. ECF No. 265 at 3. As such, Kehagias argues that the court erred in interpreting Charleston Dry Cleaners too narrowly by finding that it applied only to bad faith actions and not to negligence actions. At the hearing, counsel for Kehagais further explained that while all bad faith is negligence, not all negligence is bad faith. As applied here, if all bad faith is negligence, Charleston Dry Cleaners's discussion of bad faith would also apply to negligence and could permit Kehagias's negligence claim to proceed to trial. At the hearing, Kehagais also argued specifically that the court's finding that "South Carolina does not enable an insured party like Kehagias (as assignee of the Ruths) to bring a negligence claim against the insurance company with which it had a contractual relationship, based on the wrongful acts of the company's agent" is clear error. ECF No. 197 at 22–23 (emphasis in original).

Under the clear error/manifest injustice ground for amending a prior order, relief is not warranted if the order is "just maybe or probably wrong; it must strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish." U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia, LLC, 899 F.3d 236, 258 (4th Cir. 2018).

Indeed, "[i]t must be dead wrong." Id. Based on the argument presented by Kehagias, the court is unconvinced that its distinction between bad faith and negligence is dead wrong. The case on which Kehagias relies to show that the court's interpretation was erroneous is Tyger River Pine Co. v. Maryland Cas. Co., 170 S.E. 346 (S.C. 1933), and that case actually contradicts Kehagias's argument that negligence and bad faith are one in the same. As Kehagias explains, the Supreme Court of South Carolina rejected the argument that the plaintiff was not entitled to recover for negligence unaccompanied by bad faith on the part of the defendant insurance company, and that there was sufficient proof of negligence to send the question to the jury. Tyger River Pine Co., 170 S.E. at 348. However, the court also found that there was sufficient proof to send to the jury the question of whether the defendant acted in bad faith in its defense and negotiations for settlement. In other words, it was proper for the jury to consider both the defendant's alleged negligence and alleged bad faith.

At the hearing on the motion, Kehagias also cited to the following portion of Tyger River:

> The following was quoted from the case of Attleboro Mfg. Co. v. Frankfort, etc., Co. (C. C. Mass.) 171 F. 495: "Where an insurer under an employers' [sic] liability policy on being notified of an action for injuries to insured's servant assumed the defense thereof, and was negligent in conducting the suit, to the loss of the employer, the latter was entitled to sue the insurance company for breach of its implied contract to exercise reasonable care in conducting the suit or in tort for negligence."
>
> We said in our opinion in connection with this question: "The same principle is announced in the rehearing of the same case reported in [Attleboro Mfg. Co. v. Frankfort, etc., Co.] (C. C. A.) 240 F. 573. And such we find to be the prevailing opinion."
>
> We adhere to that conclusion.

Id. Again, this excerpt from Tyger River contradicts Kehagais's argument. Counsel for Kehagais explained at the hearing that an action based on a breach of implied contract to exercise reasonable care in conducting an underlying suit is a bad faith action. Therefore, the Tyger River court clarified that a party could bring a bad faith action "or [an action] in tort for negligence," see id. (emphasis added), suggesting that a bad faith action and a negligence action are two separate actions.

The court also notes that counsel for Kehagias conceded at the hearing that there is some discrepancy in South Carolina law as to the distinction between bad faith and negligence. If this discrepancy exists, then the courts fails to see how it could have committed clear error in interpreting an issue for which there is no clear answer or interpretation.

Moreover, Kehagias's argument fails to address the portion of the court's order finding that even if the court were to consider Kehagias's claim under Charleston Dry Cleaners, the claim would be nonsensical based on the duty prong of the negligence claim. Imputing Hull's allegedly negligent act of failing to notify Founders of the NOR would leave the question of: what is Founder's liability for failing to notify itself? As the court explained in detail in its previous order, this makes no sense. See ECF No. 197 at 19–20. It is the acts of an agent that are imputed to the principal, not the negligence in general. If the acts of Hull were imputed to Founders, there is still a question of what duty Founders owed to Kehagias that was breached by Hull's acts, and as the court discussed in length in its order, no such duty exists. Therefore, even if the court were convinced that bad faith and negligence are one in the same and altered its order to find

that Charleston Dry Cleaners applied here, the outcome would be illogical and still preclude Kehagias from relief.

In sum, the court finds that it did not clearly err by interpreting Charleston Dry Cleaners to only apply to bad faith actions and also notes that even if it were to find clear error, Kehagias would still be unable to establish a negligence claim against Founders based on Hull's acts. As such, the court denies Kehagias's request for the court to alter its order.

### C. Certification to the Supreme Court of South Carolina

Kehagias argues that, in the alternative, the court should certify questions to the Supreme Court of South Carolina. The questions that he would like the court to certify are:

> 1.) Does South Carolina law permit an insured party to bring a negligence claim against the insurance company based on the wrongful acts of the company's agent?
>
> 2.) Does an insurance agent and/or intermediary insurance broker owe a duty to an insured party if they undertake to be a middleman for communication between the insured and the insurance company?

Rule 244 of the South Carolina Appellate Court Rules ("SCACR") provides the standard and procedure for certifying a question to the Supreme Court of South Carolina:

> The Supreme Court in its discretion may answer questions of law certified to it by any federal court of the United States or the highest appellate court or an intermediate appellate court of any other state, when requested by the certifying court if there are involved in any proceeding before that court questions of law of this state which may be determinative of the cause then pending in the certifying court when it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court.

"Only if the available state law is clearly insufficient should the court certify the issue to the state court." Roe v. Doe, 28 F.3d 404, 407 (4th Cir. 1994).

The court finds Kehagias's request for certification to be untimely. Other courts in this district have denied a party's request to certify a question only after the court entered an adverse ruling against the party, finding the request to be untimely. Winfrey v. Am. Fire & Cas. Ins. Co., 2018 WL 3688483, at *4 (D.S.C. Aug. 3, 2018) (appeal filed); Degidio v. Crazy Horse Saloon & Rest., Inc., 2016 WL 11521680, at *2 (D.S.C. July 20, 2016). Indeed, certification is available when the question of law is "determinative of the cause then pending in the certifying court." SCACR 244 (emphasis added). The action here is no longer pending; therefore, Kehagias's request for certification is untimely. Kehagias could have asked the court to certify either of its questions in his supplemental briefing on the topic of whether Hull's alleged failure to process the NOR may be imputed to Founders such that Founders could be liable for negligence based on Hull's allegedly negligent acts. Indeed, the topic of the supplemental briefing is, in effect, the first proposed question by Kehagias. At the hearing on the motion, counsel for Kehagais argued that certification was timely because this issue did not become determinative until the court issued its order. Indeed, certification is appropriate when for "questions of law of this state which may be determinative of the cause." SCACR 244. However, Kehagias knew that this question was determinative at the time of supplemental briefing and could have requested certification then but failed to do so.

The court also notes that Kehagais's second proposed question is irrelevant to the issue here. Founders, as the defendant in the negligence claim, is the party who allegedly owed the duty; therefore, any duty owed by Hull as the intermediary insurance broker does not impact the claim. As discussed in the court's previous order, it is Hull's acts,

not Hull's <u>duty</u>, that would be imputed to Founders through agency principles.  Indeed, the court explained that agency question in this case was whether "Hull's <u>actions</u>, as a purported agent of Founders, could be imputed to Founders in a negligence action against Founders based on a duty that <u>Founders</u> owed to the Ruths."  ECF No. 197 at 13 (emphasis in original).  In other words, even if the Supreme Court of South Carolina answered Kehagias's second proposed question as "yes, intermediary insurance brokers do owe a duty to an insured party if they undertake to be a middleman for communication between the insured and the insurance company," that duty would support a negligence claim against Hull, not against Founders.  The negligence claim at issue here is against Founders, not Hull.  In sum, the court declines to certify a question to the Supreme Court of South Carolina.

## IV.   CONCLUSION

For the reasons set forth above, the court **DENIES** the motion.

**AND IT IS SO ORDERED.**

                                                                          _____
                                                                          **DAVID C. NORTON
                                                                          UNITED STATES DISTRICT JUDGE**

**November 12, 2019
Charleston, South Carolina**